CLYDE DUNNING, Appellee, v. M. L. BURT, Appellant.

APPEAL AND ERROR: Harmless Error—Errors Against Prevail-
1   ing Party. Errors against appellant on issues on which he pre-
    vailed are harmless.

TRIAL: Instructions—Form, Requisites and Sufficiency—Correct
2   But not Explicit—Waiver. If an instruction is correct, as far as
    it goes, though not as explicit as desired, request must be made
    for the more explicit instruction, or the right thereto, if it ex-
    ists, will be waived. Especially is this true when the instruc-
    tion given is fully as explicit as the pleadings.

TRIAL: Instructions—Province of Court and Jury—Assumption of
3   Fact. The court may well assume as true a fact testified to by
    both plaintiff and defendant.

*Appeal from Taylor District Court.*—THOS. L. MAXWELL,
Judge.

WEDNESDAY, APRIL 4, 1917.

REHEARING DENIED TUESDAY, JUNE 26, 1917.

SUIT upon promissory note for $1,000. The defendant
pleaded that the note was obtained by fraudulent repre-
sentations and that its consideration had failed, and that
the plaintiff was not a good-faith purchaser thereof in due
course. There was a verdict for the plaintiff for $800 and
interest thereon, such sum being the amount paid for the
note by the plaintiff. From the judgment entered on the
verdict, the defendant has appealed.—*Affirmed.*

*Haddock & Son* and *Wm. M. Jackson,* for appellant.

*Flick & Flick* and *Frank Wisdom,* for appellee.

EVANS, J.—The payee of the note sued on was the Na-
tional Fence Supply Company. The note bore date of
June 23, 1913, and matured January 1, 1914. The con-
sideration for the note was represented by two written

agreements executed concurrently therewith, which were as follows:

"Exhibit A.

"1912 Issue

"A. W. Hiner, Secretary.     Chas. Kubach, Gen. Mgr.
            "National Fence Supply Company,
                  "Wichita, Kansas.
     "Manufacturers and Dealers in Concrete Fence Post
                        Supplies.

"General Agency Agreement.

"Know all men by these presents:    That the National Fence Supply Co., of Wichita, Kansas, has, this 23rd day of June, 1913, constituted and appointed M. L. Burt, of Bedford, Iowa, their true and lawful general agent, to sell the multiple molds to manufacture the reinforced concrete fence posts; also to appoint agents to sell the said molds in the following territory, to wit: Decatur, Wayne, Ringgold Counties, all in Iowa.

"This indenture witnesseth that, for and in the sum of $1,000.00, receipt of which is hereby acknowledged, the said National Fence Supply Co. hereby agrees to give and does give to the said agent two sets of multiple molds for demonstrating purposes, and the exclusive agency in the above named territory as long as his business shall amount to $288 per year, not to exceed five years.

"It is hereby further agreed and understood that, as a part of the above consideration, the said company hereby agrees to furnish to the said agent all additional multiple molds at $2.50 per set on board the cars at factory.    The said agent shall make a report to the said company at the end of each and every month.    The said company hereby further agrees to take notes when the same are quoted good at local banks.    All railroad rights reserved.

"It is hereby agreed that the foregoing contains the entire contract between the parties hereto.

"Ship to . . . . . . . . . . .          By E. S. Burns.

"P. O. Bedford, Iowa.                    M. L. Burt.

"  . . . . . . . . . . . . . . . . . .

"Gen. Agent."

"Exhibit B.

"A. W. Hiner, Secretary.

"Chas. Kubach, General Manager.

"National Fence Supply Company,

"Manufacturers and Dealers in Concrete Fence Post Supplies, Wichita, Kansas.

"Bedford, Iowa, June 23, 1913.

"This is to certify that I or we hereby agree to do for M. L. Burt $1,500.00 worth of business in the territory assigned to him by the National Fence Supply Co., also to give him complete instructions in the introduction and the sale of our goods in his territory, and further agree to instruct anyone that he may choose.

"The above agreement is to be fulfilled in 90 days; otherwise the above agreement is to be to the satisfaction of M. L. Burt, of Bedford, Iowa.

"[Signed]     National Fence Supply Co.,

"Per E. S. Burns, General Agent."

The defendant testified that the principal consideration relied on by him was the agreement of Burns to resell $1,500 worth of his territory for the benefit of the defendant, and that this should be done before the note should become payable. The real defense is concentrated upon the failure of the payee to perform this agreement and upon the contention that the payee entered into such an agreement with a fraudulent intent not to perform.

The plaintiff, a local banker, purchased the note on August 4, 1913. The answer is quite voluminous, and sets forth various details of fact upon which the general aver-

ment is predicated that the transaction was a fraudulent scheme on the part of the payee of the note to obtain same without consideration.

The trial judge instructed the jury upon the subject of alleged fraud and false representations. He also instructed in substance that, if the jury found that the note was obtained by fraud, and yet found that the plaintiff was a good-faith purchaser, then the plaintiff could recover only the amount paid by him for the note. This was shown to be $800, and such was the amount of the verdict.

1. APPEAL AND ERROR: harmless error: errors against prevailing party.

1. The appellant assails several of the instructions bearing upon the question of the original fraud, and the assignment of errors in the argument is largely directed against alleged errors in the instructions on that subject. Counsel for the appellant have overlooked the fact that the finding of the jury was in favor of the defendant on that issue. There was no other ground upon which a verdict for $800 could have been rendered. As bearing on that subject, therefore, errors in the instruction were without prejudice to the defendant. Such assignments, therefore, need not be considered.

2. TRIAL: instructions: form, requisites and sufficiency: correct but not explicit: waiver.

2. In Instruction No. 7, the right of the plaintiff to recover notwithstanding the alleged fraud of payee, was made to depend upon whether he "had knowledge or notice of said fraudulent representations." Instruction No. 9 made his right of recovery depend upon whether he "had knowledge and notice of such fraud." Appellant complains of these instructions in that they are too broad and sweeping. His argument is that it was sufficient to defeat the plaintiff if it appeared that he had notice of some of the false representations, or if he had notice of a part of the fraud. We think the differentiation thus urged is not justified by the record before us. The

instructions could have been more specific, but further specification was not requested.

The fraud alleged by the defendant was pleaded in his answer in very general terms. The notice to the plaintiff was pleaded as follows:

"That plaintiff, at and prior to the time of the so-called purchase of defendant's note, had notice of the matter and things herein set out, and had notice of the facts attending the giving of the note in suit, and had notice of the agreement of the said Burns to resell $1,500.00 worth of territory before requiring the payment of said note, and that plaintiff is not a good-faith purchaser of said note in the usual course of. trade without notice."

There was no allegation in express terms charging the plaintiff with notice that the payee did not intend to perform its agreement to resell territory. The instructions complained of, therefore, were quite as specific as the allegations of the answer would fairly permit.

3. So far as the breach of the agree-
3. TRIAL: instruc-   ment to resell constituted a failure of con-
tions: province
of court and        sideration as between the payee and the
jury: assump-
tion of fact.       maker of the note, the trial judge instruct-
ed that this defense of itself was not available as against the plaintiff, it appearing without dispute that he purchased the note before any breach had occurred. Complaint is directed against this instruction because it assumed the fact as proven that the note was purchased before breach of the contract. It is argued that such question of fact was for the jury, even though the testimony of the plaintiff was undisputed. Such fact, however, was established by the testimony of both plaintiff and defendant. The plaintiff testified to the date of purchase as August 4th, and the defendant testified to his acquiring knowledge of such purchase in December, some time before the note became due. He also testified that he knew,

shortly after the execution of the note, that the payee was offering it for sale. He made no objection to such course of action on the part of the payee. We think from the record before us that this instruction was proper.

The legal questions involved in the case are quite elementary, and we need not dwell upon them. The real controversy was one of fact. The finding of the jury thereon, and the overruling of a motion for a new trial by the trial court, are quite conclusive upon us. The record before us discloses no prejudicial error. The judgment must, therefore, be—*Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.